IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2039-BO

| | | |
|---|---|---|
| TYRONE DAVIS WILLIAMS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSEPH B. HALL, | ) | |
| Respondent. | ) | |

This matter is before the Court on the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Tyrone Davis Williams ("Williams"), a state inmate in the custody of the North Carolina Department of Correction. Respondent answered the petition and moved to dismiss his claims for failure to exhaust. Petitioner filed a reply, and the matter is ripe for ruling.

On April, 2009, petitioner pled guilty to felony possession of cocaine and habitual felon status. Petitioner was sentenced to a term of imprisonment of 80 to 105 months. Petitioner was represented by Kenn Thompson. On March 10, 2010, petitioner dated this *pro se* federal habeas petition.

Williams raises the following grounds for relief: (1) that he received insufficient counseling; (2) that he was coerced and threatened into pleading guilty; and (3) that he was not presented with an indictment for habitual felon status.

The court's review of Williams' claims is governed by 28 U.S.C. § 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104, 132, 110 Stat. 1214 (1996). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to

any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). A state court decision "involve[s] an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Additionally, there is no requirement the state court specifically cite United States Supreme Court cases as long as the ultimate decision is not contrary to, nor involves an unreasonable application of clearly established federal law as determined by the Supreme Court. See Bell v. Jarvis, 236 F.3d 149, 157-158 (4th Cir. 2000); see also Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999); see also Weeks v. Anglone, 176 F.3d 249, 259 (4th Cir. 1999).

Only after a petitioner establishes that the state court's adjudication of his claims was "contrary to," or an "unreasonable application of" clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence may a federal court proceed to review a state court judgment independently to determine whether

habeas relief is warranted. Rose v. Lee, 252 F.3d 676, 690 (4th Cir. 2001). If the state court did not articulate the rationale underlying its adjudication, a federal habeas court must examine the record and the clearly established Supreme Court precedent to determine whether the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law. Bell, 236 F.3d at 158. If, however, the state court failed to adjudicate a properly presented claim, the federal court must review questions of law and mixed questions of law and fact *de novo*. Fisher v. Lee, 215 F.3d 438, 445 (4th Cir. 2000) (quoting Weeks, 176 F.3d at 258). Finally, the factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Id.

The court finds that due to the issue of non-exhaustion as to each claim, the argument shall be considered as to the claims collectively. The claims were never raised in the state court on direct appeal. In fact, the claims have never been raised in any post-conviction challenge in the state court. The doctrine of exhaustion requires that before a claim may be presented in federal court on habeas review, it must have been presented to the state courts, giving those courts the first opportunity to consider the claim. Piccard v. Conner, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1) (2000). Specifically, federal habeas petitioners must "fairly present" the substance of their claims to the appropriate state courts, including the highest court with the authority to conduct discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). It is clear that a federal petitioner has not exhausted those remedies as long as he maintains "the right under law of the State to raise" in that State court "by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court

3

Case 5:10-hc-02039-BO   Document 12   Filed 06/22/11   Page 3 of 5

has interpreted this to require the federal habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). By giving state courts the first opportunity to review a claim or to correct constitutional violations, the exhaustion requirement serves the Antiterrorism and Effective Death Penalty Act's goal of promoting "comity, finality, and Federalism." Williams v. Taylor, 529 U.S. 420, 436 (2000). In the instant case, no state forum has reviewed the issues. Furthermore, petitioner acknowledges he has not raised these issues in state court. While true that because of the guilty plea, he may have no right to exhaust through a direct appeal, he could proceed by filing a MAR in the Superior Court and subsequent petition for writ of certiorari to the North Carolina Court of Appeals. See N.C.G.S. § 15A-1444(a1) & (a2) (2009) and § 15A-1413 to -1420 (2009). Therefore, the claims have not been properly exhausted.

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") Thus, the court reviews whether petitioner is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided

differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED

Accordingly, respondent's Motion to Dismiss is GRANTED and the matter is DISMISSED without prejudice. Having so determined, all other pending motions are DISMISSED as MOOT. The certificate of appealability is DENIED.

SO ORDERED. This the 21 day of June 2011.

TERRENCE W. BOYLE
United States District Judge

5